12

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

Montgomery County

**For Prothonotary Use Only:**

Docket No: 2016-06310

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action: | |
|---|---|
| ☒ Complaint ☐ Writ of Summons | ☐ Petition |
| ☐ Transfer from Another Jurisdiction | ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| TGaS Advisors LLC | Zensights LLC |

| Are money damages requested? ☐ Yes ☒ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☐ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Michael LiPuma, Esq.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

2016-06310-0000  3 31 2016 3:25 PM  = 10727235
Action for Declaratory Judgment
Rcpt=2016-8-01032 Fee:$270.00
Mark Levy - MontCo Prothonotary

*Updated 1/1/2011*



| | |
|---|---|
| LAW OFFICE OF MICHAEL LIPUMA<br>By:  Michael D. LiPuma, Esquire<br>325 Chestnut Street<br>Suite 1109<br>Philadelphia, PA  19106<br>215-922-2126 | LOWENSTEIN SANDLER LLP<br>By: Matthew Oliver, Esq. (Pro Hac Vice To Be Filed)<br>65 Livingston Avenue<br>Roseland, NJ  07068<br>973-597-2500 |

**Attorneys for Plaintiff**

| | |
|---|---|
| TGAS ADVISORS, LLC,<br>301 East Germantown Pike,<br>East Norriton, PA  19401,<br><br>                    PLAINTIFF,<br><br>            v.<br><br>ZENSIGHTS LLC,<br>8711 East Pinnacle Peak Road,<br>Scottsdale, AZ  85255,<br><br>                    DEFENDANT. | :  COURT OF COMMON PLEAS OF<br>:  MONTGOMERY COUNTY,<br>:  PENNSYLVANIA<br>:<br>:  CIVIL ACTION<br>:<br>:  No. 2016-06310 |

## NOTICE TO DEFEND

   You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.


YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u>

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
100 W. Mt. Airy (Rear)
Norristown, PA  19404
(610) 279-9660, Ext. 201

| | |
|---|---|
| LAW OFFICE OF MICHAEL LIPUMA<br>By: Michael D. LiPuma, Esquire<br>325 Chestnut Street<br>Suite 1109<br>Philadelphia, PA 19106<br>215-922-2126 | LOWENSTEIN SANDLER LLP<br>By: Matthew Oliver, Esq. (Pro Hac Vice To Be Filed)<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>973-597-2500 |

**Attorneys for Plaintiff**

| | |
|---|---|
| TGAS ADVISORS, LLC,<br>301 East Germantown Pike,<br>East Norriton, PA 19401,<br><br>PLAINTIFF,<br><br>v.<br><br>ZENSIGHTS LLC,<br>8711 East Pinnacle Peak Road,<br>Scottsdale, AZ 85255,<br><br>DEFENDANT. | COURT OF COMMON PLEAS OF<br>MONTGOMERY COUNTY,<br>PENNSYLVANIA<br><br>CIVIL ACTION<br><br>No. 2016 - 06310 |

Plaintiff TGaS Advisors LLC ("TGaS" or the "Plaintiff"), by and through its counsel Michael LiPuma, Esq. and Lowenstein Sandler LLP, hereby complains against Defendant Zensights LLC ("Zensights" or the "Defendant"), as follows:

### NATURE OF THE ACTION

1. Through this action, TGaS seeks a declaratory judgment concerning TGaS's development of vendor assessment technology called *Vendor Ratings and Ranking Benchmark* (the "TGaS Product" or the "Product") as it relates to a mutual non-disclosure agreement (the "MNDA") dated June 11, 2015 between TGaS and the Defendant. The MNDA was executed in connection with discussions between TGaS and Zensights regarding a potential

business relationship. After exchanging certain information with Defendant, TGaS determined that it had no interest in proceeding with those discussions.

2. TGaS was founded in 2004 and has steadily grown to become the premier provider of fact-based advice to the healthcare industry. All of the top ten and most of the top fifty pharmaceutical companies have partnered with TGaS for its broad range of strategy and operational support services.

3. TGaS has been working in the vendor marketplace since 2007, and has executed multiple vendor-related projects. As part of TGaS's continued work in the vendor market, TGaS has been researching the TGaS Product for the past several years, ramping up its efforts in the first quarter of 2015 and making significant progress in the latter half of the year. Accordingly, at the "TGaS Summit" on November 10, 2015—a biannual meeting at which TGaS hosts key clients on an invitation-only basis—TGaS announced the Product to these selected clients and sought their input and opinions on various product features.

4. More than three months later, on or about February 12, 2016, TGaS received a letter from counsel for Zensights accusing TGaS of using Defendant's confidential information to improperly expedite the development of the TGaS Product. Specifically, through the letter Defendant asserted that TGaS: (i) breached the MNDA; (ii) fraudulently induced Defendant into sharing confidential information; (iii) misappropriated confidential information; and (iv) infringed Defendant's copyrights. TGaS adamantly disputes Defendant's claims, which are unfounded and have been asserted in bad faith for the purpose of preventing a direct competitor from formally entering this segment of the peer-to-peer comparative intelligence industry.

5. Contrary to Defendant's allegations, TGaS did not rely on any confidential information shared by Defendant in developing its products. TGaS rejects all of Defendant's accusations and asserts that its conduct in connection with the TGaS Product does not constitute a breach of the MNDA, fraudulent inducement, misappropriation, nor copyright infringement. In fact, through discussions held under the MNDA, TGaS found the Zensights product offering to be thinly populated with vendor and pharmaceutical companies and inferior to what TGaS could produce or was in the process of producing.

6. Through this action, TGaS seeks a declaratory judgment that its conduct was lawful and appropriate and that it may continue to market and sell the TGaS Product without fear of harassment or legal action by Zensights.

### THE PARTIES

7. TGaS is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 301 East Germantown Pike, East Norriton, Pennsylvania 19401. TGaS employs approximately 55 people and has over 80 pharmaceutical industry clients.

8. Upon information and belief, Defendant Zensights is a limited liability company organized under the laws of the State of Arizona, with a principal place of business at 8711 East Pinnacle Peak Road, Scottsdale, Arizona 85255. Upon information and belief, Zensights has one employee and has a very limited client base.

### JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendant because Defendant, through its executives, owners and advisors, traveled to and from Pennsylvania to engage in discussions and share information with TGaS related to this dispute. Defendant purposefully

directed its activities to Pennsylvania by traveling to Pennsylvania to meet with TGaS, and by sending information to TGaS representatives located in Pennsylvania.

10. Venue is also proper in this County pursuant to Pa.R.C.P. 2179 because this County is where the cause of action arose, and where a transaction or occurrence took place out of which the cause of action arose.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### *TGaS's Development of the TGaS Product*

11. TGaS is a company in the business of peer-to-peer comparative intelligence primarily targeting pharmaceutical companies.

12. In or around 2007, TGaS began developing technology and information to assess third-party vendors in the pharmaceutical industry.

13. From 2007 until the first quarter of 2015, TGaS worked intermittently on developing the TGaS Product because the company was focused primarily on more pressing business matters and growing its existing lines of business.

14. In the spring of 2015, Zensights and TGaS were in contact concerning a potential business relationship.

15. In furtherance of these business objectives, on or about May 28, 2015, Zensights traveled to Princeton, New Jersey to meet with TGaS executives concerning a potential business relationship. At the meeting, TGaS and Zensights engaged in discussions about TGaS potentially acquiring Zensights.

16. In these conversations, Zensights represented it also had pharmaceutical vendor assessment technology called *Vendor Analysis Tool*, which it currently marketed to clients. Zensights further indicated it was interested in being acquired by TGaS.

17. On or about June 11, 2015, TGaS and Zensights executed the MNDA in connection with these discussions. Among other things, the MNDA defined and set parameters around the use of "Confidential Information," although such Confidential Information did not include information which:

> (a) was known to the receiving party before the date of disclosure, without obligation to maintain such Confidential Information in confidence, as evidenced by its written records;
>
> (b) was known to the public before the date that Confidential Information was received;
>
> (c) becomes known to the public subsequent to the date it was receive through no act or failure to act on the part of the receiving party;

18. TGaS has not relied upon or used any Confidential Information provided by Defendant to TGaS other than for the purpose of evaluating the potential acquisition of Zensights.

19. After execution of the MNDA, the parties engaged in additional discussions and communications. Among other things, Zensights' representatives traveled to Pennsylvania to meet with TGaS, and Zensights' representatives sent information to TGaS representatives located in Pennsylvania.

20. In the first quarter of 2015, TGaS began to ramp up its efforts to bring the TGaS Product to market. As these efforts progressed, TGaS hired an experienced consultant in the third quarter of 2015 to lead the development team for the TGaS Product. TGaS took care not to share any confidential information received from Zensights with the team leader or any other member of the product development team. Accordingly, the product development team did not utilize any confidential information received from Zensights after execution of the MNDA.

21. As part of the Agenda at TGaS's biannual invitation-only Summit on November 10, 2015, TGaS gathered 149 clients and unveiled the TGaS Product. TGaS described the TGaS Product's anticipated functionality and value, and distributed materials outlining the same. Unbeknownst to TGaS, Zensights somehow obtained copies of these confidential presentation materials.

22. Beginning on or about November 10, 2015, TGaS commenced initial marketing of the TGaS Product to existing and potential customers, and has been working to sign up customer contracts and acquire data from vendors to populate the database as part of TGaS's Charter Development Phase. TGaS has scheduled its formal public "launch" of the Product for late April 2016.

**The Dispute Over the TGaS Product**

23. On or about February 12, 2016—over three months after the TGaS Summit—Zensights sent a cease-and-desist letter to TGaS alleging that TGaS: (i) breached the MNDA; (ii) fraudulently induced the merger discussions for the purpose of stealing confidential information; (iii) misappropriated Zensights' confidential information; and (iv) infringed on Zensights' alleged copyrights.

24. Counsel for TGaS advised Defendant that its allegations were unfounded in fact and law.

25. TGaS reasonably anticipates and expects that, based on prior discussions with and communications from Defendant Zensights and/or its counsel, Defendant Zensights will dispute TGaS's right to market and sell the TGaS Product.

26. TGaS will be materially harmed if the dispute with Defendant Zensights over TGaS's right to sell the TGaS Product persists. In particular, and among other things, TGaS

has already invested significant resources into developing the TGaS Product such that being unable to sell the product would substantially harm TGaS.

## DECLARATORY JUDGMENT

27. Plaintiff repeats and realleges each and every averment contained in the foregoing paragraphs as is fully set forth herein.

28. There is an actual controversy between Plaintiff and Defendant with respect to the alleged breach of the MNDA, TGaS's alleged use of information shared by Zensights, and TGaS's ability to lawfully market and sell the TGaS Product.

29. Pursuant to 42 Pa.C.S. § 7531 *et seq.*, Plaintiff TGaS is entitled to a declaration that TGaS's development and sale of the TGaS Product does not constitute a breach of the MNDA, fraud, misappropriation, nor copyright infringement. Absent such a declaration, Plaintiff TGaS will be harmed in its business.

**WHEREFORE**, Plaintiff seeks the entry of Judgment against the Defendant as follows:

(a) Declaring that TGaS did not breach the MNDA between TGaS and Zensights;

(b) Declaring that TGaS did not fraudulently induce Zensights into sharing confidential information;

(c) Declaring that TGaS's development of the TGaS Product does not constitute misappropriation or unfair competition;

(d) Declaring that the TGaS Product does not infringe upon Zensights' copyright in its products; and

(e) Awarding Plaintiff such other relief as the Court deems just and equitable.

                                                Respectfully submitted,

                                                _____
                                                Michael LiPuma, Esq. – I.D. 74790
                                                325 Chestnut Street – Suite 1109
                                                Philadelphia, PA  19106
                                                (215) 922-2126

Dated: March, 31 2016                    By:   s/ Matthew M. Oliver
                                                Matthew M. Oliver, Esq.
                                                LOWENSTEIN SANDLER LLP
                                                65 Livingston Avenue
                                                Roseland, New Jersey 07068
                                                Tel.: (973) 597-2500
                                                Fax: (973) 597-2300
                                                moliver@lowenstein.com
                                                *Attorneys for Plaintiff*
                                                  *TGaS Advisors LLC*

## VERIFICATION

The undersigned hereby verifies that the facts set forth in the foregoing document are true and correct to the best of his/her knowledge, information and belief.

I make this verification pursuant to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
CHRIS STRATTON

Date: MARCH 30, 2016