**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TGAS ADVISORS, LLC,                          :
                                             :
        *Plaintiff/Counterclaim*             :
        *Defendant,*                         :
                                             :
    v.                                       :   Civil Action No. 16-1870
                                             :
ZENSIGHTS LLC,                               :
                                             :
        *Defendant/Counterclaim*             :
        *Plaintiff,*                         :
                                             :
GARY WARNER and ALICE VON                    :
LOESECKE,                                    :
                                             :
        *Third Party Defendants.*            :

**TGAS ADVISORS, LLC, GARY WARNER AND ALICE VON LOESECKE'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**PRELIMINARY STATEMENT**

The Court should remand this case to the Montgomery County Court of Common Pleas where it began because there is no valid basis for the exercise of federal subject matter jurisdiction. Each of the three bases of jurisdiction Zensights has asserted is deficient.

First, there is no basis for the exercise of diversity jurisdiction. TGaS has established that it has "second level" limited partners of its members who are Arizona residents, and thus there is an absence of complete diversity in light of the fact that Zensights' sole member, Mr. Jansen, is a resident of Arizona. This was the sole basis for jurisdiction at the time Zensights initially removed this case, and TGaS quickly dispatched that claim.

Once Zensights recognized that diversity jurisdiction was lacking and that it had not properly alleged diversity in the first place, it offered a new rationale – that TGaS's state law

claim for a declaratory judgment "arises under" federal law.  This alleged basis for jurisdiction was likewise shown to be futile.  Under Supreme Court and Third Circuit precedent, TGaS's claim arises under Pennsylvania's Declaratory Judgment Act, not under federal law, even though that claim mentions copyright infringement.

Finally, in a transparent attempt to manufacture federal jurisdiction, Zensights filed an application for copyright registration of its product on April 29, 2016 – the same day it filed its Second Amended Notice of Removal and Amended Answer and Counterclaims.  Never before had Zensights sought copyright protection, despite alleging that it has been selling the product since 2014.  Zensights' newly-minted "counterclaim" for copyright infringement does not give rise to jurisdiction, however, because the case law in the Third Circuit requires a party to hold an actual copyright registration at the time it asserts a copyright claim or counterclaim; mere allegations that a party has applied for copyright registration are patently insufficient.  Because Zensights' copyright counterclaim is facially deficient and was asserted solely for the purposes of manufacturing jurisdiction, it cannot support the exercise of federal subject matter jurisdiction.

Accordingly, the Court should remand this action.

## BACKGROUND

On March 31, 2016, Plaintiff TGaS Advisors, LLC ("TGaS") filed a declaratory judgment action against Zensights LLC ("Zensights") in the Pennsylvania Court of Common Pleas of Montgomery County.  [ECF #1, Exh. 2].  TGaS filed its Complaint in response to a February 12, 2016 cease-and-desist letter from Zensights' counsel.  [*Id.*, ¶ 4].  TGaS's Complaint consisted of one count pursuant to Pennsylvania's declaratory judgment statute, codified at 42 Pa. C.S. § 7531 *et seq.*; and requested a declaration that "TGaS's development and sale of the TGaS Product does not constitute a breach of the [mutual non-disclosure agreement], fraud, misappropriation, nor copyright infringement."  [*Id.*, ¶ 29].  The only reason TGaS included

copyright infringement in its request for relief was because Zensights claimed in an earlier cease-and-desist letter that it possessed a valid copyright in its product and threatened to sue TGaS for infringement.  As set forth below, Zensights **did not possess a valid copyright at that time**, nor had it even applied for copyright registration, and thus its threats against TGaS were false and misleading.

On April 20, 2016, Zensights filed: (1) a Motion for a Temporary Restraining Order and Preliminary Injunction; (2) a Memorandum of Law in support of its motion; (3) a Verified Answer and Counterclaims, joining Gary Warner and Alice von Loesecke as Third Party Defendants; and (4) Notice of Removal to the United States District Court for the Eastern District of Pennsylvania.  [ECF #1, 2, 3].  The next day, on April 21, 2016, this Court held a hearing on Zensights' Motion for Temporary Restraining Order.  [ECF #4, 9].

### Zensights' <u>First</u> Attempt to Establish Federal Jurisdiction

During the hearing, TGaS promptly informed the Court of facts indicating a high likelihood that diversity jurisdiction – the sole basis for removal alleged by Zensights – was lacking.  Immediately after the hearing, TGaS contacted chambers to alert the Court that TGaS had received oral confirmation of the existence of "second level" Arizona limited partners which destroyed complete diversity.  [ECF #10, p.2].

The following morning, on April 22, 2016, this Court issued a Temporary Restraining Order, acknowledging that the Court would likely remand the case to state court once TGaS substantiated the information concerning the lack of complete diversity.  [ECF #10, p.2].  Specifically, the Court's Order provided that:

> Shortly after today's hearing, TGaS's counsel reported to Chambers by telephone and letter that there are several investor/limited partners who are citizens of Arizona.  TGaS's counsel shall document this on the record, following which it is

likely the Court will remand the case to state court for lack of jurisdiction.

[ECF #10, p.2].   The Order also required expedited discovery to commence and set the Preliminary Injunction hearing for May 3, 2016.   That same day, TGaS submitted the Affidavit of Nelson Matthews establishing the absence of diversity jurisdiction.   [ECF #12].

### *Zensights' <u>Second</u> Attempt to Establish Federal Jurisdiction*

On April 22, 2016, Zensights filed an Amended Notice of Removal claiming (1) federal question jurisdiction due to TGaS's mention of "copyright" in its state law declaratory judgment Complaint; (2) federal question jurisdiction based on Zensights' alleged copyright counterclaims; and (3) diversity jurisdiction.   [ECF #15].   Despite premising jurisdiction on its alleged "copyright counterclaim," at that time Zensights had not asserted a copyright counterclaim, it did not possess a valid copyright, and it had not even applied for copyright protection.

On April 25, 2016, TGaS submitted a second letter to the Court, alerting the Court that Zensights' Amended Notice of Removal was ineffective and thus the Court still lacked subject matter jurisdiction.   [ECF #14].   In response, Zensights submitted a letter after 10:00 p.m. that evening making additional arguments.   [ECF #18].   TGaS then filed a formal Motion to Remand on Short Notice.   [ECF #19].   On April 26, 2016, this Court ordered briefing on subject matter jurisdiction and permitted Zensights to make one more amendment to its pleadings and counterclaims by April 29, 2016.   [ECF #20].

### *Zensights' <u>Third</u> Attempt to Establish Federal Jurisdiction*

On April 29, 2016, Zensights filed its Second Amended Notice of Removal and Amended Answer and Counterclaims.   [ECF #23, 24].   The new pleadings asserted federal jurisdiction on the basis of diversity, "arising under" federal question jurisdiction based on the TGaS Complaint, and federal question jurisdiction based on Zensights' newly-asserted copyright

counterclaim.   [ECF #23, 24].   The copyright counterclaim did not allege that Zensights possessed a valid copyright; rather, Zensights merely alleged that it had applied that very same day, April 29, 2016, for the first time, for copyright protection.

## STANDARD OF REVIEW

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A formal motion by a party is not required because the Court is "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction."  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).  The removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."  *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014).  "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."  *Id.*

## ARGUMENT

I.   **Zensights' Copyright Counterclaim Fails to Provide Subject Matter Jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 28 U.S.C. § 1454(a) because the Counterclaim is Frivolous, Implausible, and Facially Defective**

Zensights' attempt to manufacture federal jurisdiction under a frivolous and implausible copyright counterclaim fails because the Third Circuit and the Eastern District of Pennsylvania require claimants "to hold a registered copyright," as opposed to merely having applied for copyright protection, in order to satisfy 17 U.S.C. § 411.  *Markantone DPM, P.C. v. Podiatric Billing Specialists, LLC*, 559 F. App'x 459, 460 (3d Cir. 2015); *Zaslow v. Coleman, III*, 103 F. Supp. 3d 657, 663 (E.D. Pa. 2015).  As Zensights concedes in its Second Amended Notice of Removal, Zensights did not submit a copyright application until April 29, 2016, and thus could

not properly allege that it held a registered copyright at the time it first removed this case or at the time it filed its Amended Notice of Removal.  [ECF # 1, 15, 23 ¶ 12].

Although the registration requirement under 17 U.S.C. § 411 is not inherently jurisdictional,[1] Zensights' failure to properly plead a claim under the Copyright Act nevertheless deprives the Court of subject matter jurisdiction.  It is well-established that frivolous federal claims do not support federal question jurisdiction.   Moreover, even if the copyright counterclaim did technically establish jurisdiction, courts regularly dismiss patently defective copyright claims in these circumstances and remand the state law claims.

### A.    The Third Circuit and the Eastern District of Pennsylvania Require Claimants to Possess a Copyright Registration *Before* Bringing a Claim

The Third Circuit has declared that "[a]n action for infringement of a copyright may not be brought until the copyright is registered."  *Dawes-Lloyd v. Publish Am., LLP*, 441 F. App'x 956, 957 (3d Cir. 2011); 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration[2] or registration of the copyright claim has been made . . . .").  A claimant who does "not hold a registered copyright," therefore, "[can]not state a prima facie case of copyright infringement."  *Id.*  While the *Dawes-Lloyd*

---

[1]    *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169 (2010) ("[Section] 411(a) does not implicate the subject-matter jurisdiction of federal courts.").  *But see id.* at 171 ("We . . . decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works.").

[2]    Preregistration for copyright is available only to certain types of "works in progress" and is not relevant here, as Zensights has not alleged that it "preregistered" its product.  [ECF#24].  The eligible categories, as listed in 37 C.F.R. § 202.16(b)(1) are: motion pictures, sound recordings, musical compositions, literary works being prepared for publication in book form, computer programs (including videogames); or advertising or marketing photographs.  Zensights has not alleged that TGaS has taken or improperly used the actual computer program for the Zensights Vendor Analysis Tool, only that it has infringed upon the "expressions embodied in the computer program."   [ECF #24 ¶ 11].  Further, 37 C.F.R. § 202.16(c)(6)(v) specifically requires preregistration for computer programs to specify the "programming language in which it is written" demonstrating that preregistration is unavailable for the non-technical subject matter of this lawsuit.  Finally, 37 C.F.R. § 202.16(b)(3) states that preregistration is available only for works that are "[b]eing *prepared* for commercial distribution."  (Emphasis added).  Zensights has conceded that the "Vendor Analysis Tool has been operational and in the marketplace . . . since July 2014 and as a web enabled product since February 2015."  [ECF #24 ¶ 23].  Thus, neither Zensights' Vendor Analysis Tool nor the expressions of the tool are eligible for preregistration.

decision did not directly address the circuit split over requiring claimants to plead a registered copyright as opposed to a pending application, the Eastern District of Pennsylvania has held that *Dawes-Lloyd* demonstrates that "the Third Circuit would adopt the 'registration' approach." *Coleman, III*, 103 F. Supp. 3d at 663.

Since the Third Circuit's decision in *Dawes-Lloyd*, this district has adopted the "registration approach" by an overwhelming majority and has dismissed cases where the claimant pled only a pending application.[3] *See Raucci v. Candy & Toy Factory*, No. 15-cv-3385, 2015 WL 6664160, at *5, ___ F. Supp. 3d ___ (E.D. Pa. Nov. 2, 2015) (citing *Coleman, III* to state: "the Copyright Act requires that a plaintiff must have a registered copyright before filing an infringement claim based upon that copyright"); *Tri-State Training & Safety Consulting, LLC v. Markawicz*, No. 15-cv-876, 2015 WL 5116754, at *3 (E.D. Pa. Aug. 28, 2015) ("Plaintiff has not established a legal right to recovery on this claim, due to its failure to register its alleged copyright."); *Browne v. Zaslow*, 103 F. Supp. 3d 666, 670 (E.D. Pa. 2015) (acknowledging circuit split and holding: "in light of the case *Dawes-Lloyd* . . . we concur . . . that the Third Circuit would adopt the 'registration' approach"); *Patrick Collins, Inc. v. Does 1-26*, 843 F. Supp. 2d 565, 568-69 (E.D. Pa. 2011) (acknowledging circuit split and adopting the "registration approach" because *Dawes-Lloyd* "at least suggests that our circuit will take the registration approach," and dismissing claim where claimant had filed an application but had not yet registered).

The only outlier TGaS has identified is an unpublished 2012 decision, where the court cited only a *pre-Dawes-Lloyd* case from this District and a Ninth Circuit case to support its decision to apply the application approach. *K-Beech, Inc. v. Doe*, No. 11-cv-7083, 2012 WL

---

[3]   Published cases in the Eastern District of Pennsylvania applying the "application" method were primarily, if not entirely, rendered prior to *Dawes-Lloyd*.

262722, at *2-3 (E.D. Pa. Jan. 30, 2012).  The *K-Beech* decision was also filed in early 2012, before the multitude of more recent cases in which this District firmly established the registration approach.  As further evidence of its limited utility, *K-Beech* has never been cited for the proposition that the application approach should be applied.  In fact, the only case that cites *K-Beech* denounces the application approach and applies the "registration" method.  *See N. Jersey Media Grp., Inc. v. Sasson*, No. 12-3568, 2013 WL 74237, at *2 (D.N.J. Jan. 4, 2013).

Moreover, the various other districts within the Third Circuit have applied the same "registration" approach as this District, constituting circuit-wide consensus after *Dawes-Lloyd*. *See Zany Toys, LLC v. Pearl Enters., LLC*, No. 13-cv-5262, 2014 WL 2168415, at *10 (D.N.J. May 23, 2014) (adopting registration method by citing *Dawes-Lloyd* because the Third Circuit's decision "suggest that this Circuit would take the registration approach"); *Levey v. Brownstone Inv. Grp.*, No. 11-cv-395, 2012 WL 295718, at *3 (D.N.J. Feb. 1, 2012) (applying registration method by citing *Dawes-Lloyd* to a plaintiff that "filed his Application for Copyright Registration" right before Amending his Complaint, and holding that the plaintiff "could not state a *prima facie* case for copyright infringement"); *Sims v. Viacom, Inc.*, No. 11-cv-0675, 2012 WL 280609, at *5 (W.D. Pa. Jan. 31, 2012) (citing *Dawes-Lloyd* and dismissing copyright claim because "Plaintiff failed to offer any evidence that he applied for *and received* a copyright registration") (emphasis added).

As further evidence that this District has properly interpreted *Dawes-Lloyd*, the Third Circuit later made no effort, when given the opportunity, to clarify its language.  *See Markantone DPM, P.C. v. Podiatric Billing Specialists, LLC*, 599 F. App'x 459, 460 (3d Cir. 2015).  Since *Dawes-Lloyd* leading up to *Markantone*, the district courts within the Third Circuit had almost unanimously applied the registration approach.  Thus, a disagreeing Third Circuit would have

likely taken the opportunity presented by *Markantone* to clarify its views. Instead, the Third Circuit reiterated the language from *Dawes-Lloyd*: "an action for infringement of a copyright may not be brought until the copyright is registered." *Id.*

In fact, the *Markantone* court's reiteration of *Dawes-Lloyd* further supports the court's preference for the registration approach given the facts of that case. In *Markantone*, the Third Circuit flatly rejected the claimant's argument that registration was impossible because the copyright litigation was the only means by which he could obtain the requisite documents for registration. *Id.* If the Third Circuit preferred the application approach, the court would have likely advised the claimant to simply apply for the copyright to satisfy the prima facie requirements to plead a copyright cause of action. Instead, the Third Circuit made no mention of the application approach, and suggested various ways that the claimant could have preserved or later obtained the information he needed to register his copyright. *Id.* Moreover, the Third Circuit stated that the claimant "[can] sue . . . in Pennsylvania [state] court," and that the claimant's "reliance on his self-described conundrum [was] a misguided effort to pursue a state-law breach of contract claim under federal copyright law." *Id.*

The case law in this District and throughout the Third Circuit's jurisdiction, therefore, has firmly established the "registration" approach. Thus, the fact that Zensights had only applied for a copyright at the time it asserted its copyright counterclaim and sought to remove the case on that basis renders that counterclaim facially defective, implausible, and frivolous. *See 4C, Inc. v. Pouls*, No. 11-00778, 2012 WL 2343042, at *3 (D. Del. June 19, 2012) (holding that where claimants "failed to properly register their work product . . . their claim for copyright infringement has no plausible merit [and therefore] both . . . frivolous and . . . unreasonable").

**B.    Immaterial, Insubstantial, and Frivolous Federal Claims Made Solely for the Purpose of Obtaining Jurisdiction Cannot Give Rise to Federal Question Jurisdiction**

The United States Supreme Court has long held that federal courts do not possess subject matter jurisdiction if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Verizon Maryland Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 642 (2002) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).  Thus, although the general rule discourages courts from "treating the validity of a cause of action as jurisdictional," frivolous or manufactured federal claims warrant an exception to this rule.  *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 79-80 (3d Cir. 2003).  Otherwise, "[a] frivolous federal claim, if sufficient to confer jurisdiction, would give the court power to hear related state-law claims."  *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 628 n.3 (2009).

Thus, while 28 U.S.C. § 1454(a) permits removal of *valid* copyright counterclaims, federal law does not permit claimants to manufacture federal jurisdiction using frivolous claims immaterial to the actual controversy.  Here, Zensights concedes that it failed to meet this Court's copyright "registration" requirement and applied for copyright protection the same day it filed the Second Amended Notice of Removal solely for the purpose of obtaining jurisdiction.  [ECF #23 ¶ 12].

Zensights first claimed to hold a valid copyright claim in its February 12, 2016 cease-and-desist letter to TGaS, and then alleged in its First Amended Notice of Removal that it was asserting a copyright counterclaim.  At that time, Zensights possessed no viable copyright claim because it had not even applied for copyright registration.  Only after failing to properly assert diversity jurisdiction and realizing that TGaS's state law declaratory judgment action does not "arise under" federal law did Zensights finally apply for a copyright application on April 29,

2016 in order to support its frivolous copyright counterclaim. Zensights' copyright counterclaim, therefore, fails to provide a valid basis for this Court's subject matter jurisdiction.

Moreover, the Court should not permit Zensights to file yet another amended notice of removal. Zensights has already had three bites at the apple, and this Court's April 26, 2016 Order expressly provided that any additional pleadings affecting subject matter jurisdiction were to be filed by April 29, 2016. [ECF #20 ¶ 2]. That Order was proper under Rule 15. *See* Fed. R. Civ. P. 15(a)(2) (requiring the court's leave to amend pleadings after having already amended at least once); *see, e.g.*, *Drinan v. Nixon*, 364 F. Supp. 853, 853 (D. Mass. 1973) ("Exigencies of time have been consistently recognized as a sufficient basis for accelerating the procedural calendar of cases in which injunctive, as opposed to declaratory, relief is sought."); Wright & Miller, Federal Practice & Procedure § 1477 (3d ed. 2016) ("[T]here is no doubt that Rule 15(a) applies to removed actions . . . ."). Although leave to amend should generally be granted freely "when justice so requires," the amendment should be denied when the amendment arises from the moving party's "undue delay, bad faith,  . . . or repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

In addition, 28 U.S.C. § 1454, which Zensights relies upon to assert federal jurisdiction over its copyright counterclaim, remains sensitive to timely filings. *See, e.g.*, § 1454(b)(2) (noting specifically that the time limitations in section 1446 apply, which can be extended only "for cause shown"). Courts, therefore, have strictly construed the removal statute and have prohibited the assertion of federal jurisdiction under § 1454 where defendants or counterclaimants missed a deadline to properly assert grounds for jurisdiction. *See Kamden*

*Oaffo v. Naturasource Int'l, LLC*, No. 15-cv-6290, 2015 WL 5722837, at *3 (D.N.J. Sept. 29, 2015) (refusing to extend the deadline to amend the notice of removal because of defendant's undue delay).  Indeed, in *Masimo Corp. v. Mindray DS USA, Inc.*, the District of New Jersey explained that a notice of removal alleging anticipated valid federal patent law counterclaims does not grant federal jurisdiction when the corresponding pleading fails to properly allege those counterclaims.  No. 14-cv-0405, 2015 WL 93759, at * 2-4 (D.N.J. Jan. 7, 2015).  Here, Zensights' failure to properly plead the "registration" requirement by this Court's April 29, 2016 pleading deadline renders the counterclaim similarly defective.

While federal law permits an extension of time to amend for "cause shown" under Section 1454 and Rule 15, the removing party bears the burden "to justify why its tardiness should be excused."  *Univ. of Kentucky Research Found., Inc. v. Niadyne, Inc.*, No. 13-cv-16, 2013 WL 5943921, at *10 (E.D. Ky. Nov. 5, 2013).  "Oversight, inadvertence, or excusable neglect [are] insufficient to excuse" the defendant's tardiness under Section 1454.  *Andrews v. Daughtry*, 994 F. Supp. 2d 728 (M.D.N.C. 2014).  Similarly, here, Zensights' delays, deficiencies, and pleading failures warrant remand under the requisite strict construction of removal statutes, regardless of any subsequent disposition of Zensights' unreasonably late copyright application.

C.     **Even if This Court Were to Find that It Possesses Jurisdiction over the Zensights Copyright Counterclaim under  28 U.S.C. § 1454(a), this Court Should Dismiss the Counterclaim For Failure to State a Claim and Remand the Remaining Claims to State Court**

For this Court to exercise supplemental jurisdiction over state claims under 28 U.S.C. § 1367, the claimant must allege "at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court."  *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976).  "[I]f it appears that all federal claims are subject to dismissal, the court should not

exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (citing *Tully*, 540 F.2d at 196). "[S]ubstantial time devoted to the case" and "expense incurred by the parties" do not constitute "extraordinary circumstances." *Id.*

Although the registration requirement under 17 U.S.C. § 411 is not inherently jurisdictional, district courts in this District and throughout the Third Circuit have regularly dismissed the copyright claim and remanded the remaining state claims pursuant to 28 U.S.C. §1367.[4] *See Browne*, 103 F. Supp. 3d at 674 (declining to assert jurisdiction over state declaratory action *sua sponte* after "dismiss[ing] the sole claims raising a question of federal law"); *Coleman, III*, 103 F. Supp. 3d at 665 (same); *Bossen Architectural Millwork, Inc. v. Kobolak & Sons, Inc.*, No. 14-cv-4294, 2015 WL 7302162, at *4 (D.N.J. Nov. 18, 2015) (declining supplemental jurisdiction over state claims after applying the "registration" method and dismissing claimant's copyright claim for failing to allege "registration"); *Markantone, DPM, PC. v. Podiatric Billing Specialists, LLC*, No. 14-00215, 2014 WL 2605361, at *4-5 (W.D. Pa.), *aff'd*, 599 F. App'x 459 (3d Cir. 2015) (declining supplemental jurisdiction over state claims after dismissing copyright claim for failure to allege registration, because the "crux of the dispute [was] the parties' diverging views of a contract").

Further, if the party seeking federal jurisdiction "has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The other factors a court should consider are

---

[4]     Zensights has also purported to assert a trademark claim, but trademark counterclaims do not provide a basis for subject-matter jurisdiction. 28 U.S.C. § 1454, which grants federal jurisdiction over valid copyright and patent claims, does not apply to trademark claims.

"principles of economy, convenience, fairness, and comity." *Trans Penn Wax Corp. v. Cohill*, 50 F.3d 217, 232 (3d Cir. 1995).

Here, Zensights has unquestionably attempted to manipulate jurisdiction. Zensights' initial Notice of Removal relied solely on allegations of complete diversity between the parties. [ECF #1 ¶ 5] (pleading diversity jurisdiction as its sole basis for federal jurisdiction). Upon realizing its error, Zensights next alleged in its Amended Notice of Removal that it "asserts Counterclaims arising under laws 'relating to copyrights.'" *See* Am. Notice., ¶ 8 (ECF #11). Of course, Zensights had not asserted a copyright counterclaim because it had not even applied for copyright registration at that time.

Once TGaS alerted the Court to Zensights' manipulative tactics, Zensights amended its Notice of Removal a second time, with corresponding amendments to its Answer and Counterclaims. [ECF #23-24]. This time, Zensights applied for copyright registration the same day it filed its Second Amended Notice of Removal in a final attempt to manufacture federal jurisdiction. [ECF #23 ¶ 12]. In doing so, Zensights again mischaracterizes the law. In its Second Amended Complaint, Zensights alleges: "[T]he Copyright Act protects the copyright holder even in the absence of registration." [ECF #23 ¶ 12]. Given that this District and other districts within the Third Circuit have established that copyright registration is necessary, Zensights' mischaracterization of the law represents its latest effort to manufacture federal jurisdiction where none exists.

II. **Sections 1331 and 1338 Do Not Provide a Valid Basis for Subject Matter Jurisdiction Based on TGaS's State Action for Declaratory Judgment**

TGaS's state complaint for declaratory judgment does not provide a valid basis for subject matter jurisdiction pursuant to Sections 1331 and 1338. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012) ("[A] suit arises under the law that creates the cause of action.")

(internal citation omitted).[5]  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Section 1338 similarly provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."  28 U.S.C. § 1338.  Neither statute applies unless TGaS's Pennsylvania state law claim for a declaratory judgment under 42 Pa.C.S. § 7531 "arises under" the Copyright Act.  Because it does not, neither Section 1331 nor Section 1338 provide a basis for removal.

It is well-established that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113 (1936)).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  TGaS has not asserted a claim arising under federal law and has relied exclusively on state law in bringing its one-count declaratory judgment complaint.[6]

The United States Supreme Court has long held that "federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by

---

[5]     In *Vaden v. Discover Bank*, 556 U.S. 49 (2009), the Supreme Court held that claims based on state law can only be recast as federal claims for purposes of "arising under" jurisdiction "if the law governing the complaint is exclusively federal."  *Id.* at 61 (citations omitted).  Here, TGaS asserts no federal claims, much less exclusive claims, and indeed the declaratory relief it seeks relates primarily to Zensights' allegations of violations of state laws, such as breach of contract, fraudulent inducement, and the like, which also dominate the counterclaims.

[6]     *Mims* would not appear to be directly relevant to this case, as it primarily involved the issue of whether Congress intended to deprive federal courts of jurisdiction over TCPA claims.  *Mims* does, however, support remand here because it makes clear that a claim "arises under" the law which creates the cause of action for purposes of Section 1331; there is no dispute that the Pennsylvania Declaratory Judgment Act created TGaS's cause of action.

-15-

a complaint for a state declaratory judgment . . . ."  *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983).  The Third Circuit has repeatedly enforced this principle, holding that a state declaratory judgment action requesting a declaration that the plaintiff did not violate patent or copyright law did not give rise to federal question jurisdiction.  *See e.g.*, *Thiokol Chem. Corp. v. Burlington Indus., Inc.*, 448 F.2d 1328, 1330-31 (3d Cir. 1971) (declaratory judgment action arising from a patent royalties contract did not "arise" under federal law, but rather state contract law); *Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 Fed. App'x 80, 81-81 (3d Cir. 2006) (no federal question jurisdiction where the plaintiff-county sought declaration that federal copyright preempted a resident's OPRA request).

The fact that TGaS sought a declaration of copyright non-infringement is insufficient to establish "arising under" jurisdiction pursuant to Sections 1331 and 1338.  Such an argument would directly contradict the Supreme Court's holding in *Franchise Tax Bd*. As set forth above.[7]

Further, the Third Circuit in *Thiokol* and *Tombs* found federal question jurisdiction lacking in cases similar to TGaS's request for state declaratory relief.  In *Thiokol*, the court lacked subject matter jurisdiction even where the plaintiff had expressly requested a declaration of patent non-infringement: "the complaint ask[ed] for a declaratory judgment that the

---

[7]   In Zensights' April 25, 2016 letter in response to TGaS's citation of *Franchise Tax Board*, Zensights criticizes TGaS for omitting the final clause in the fully quoted section below:

Therefore, we hold that under the jurisdictional statutes as they now stand federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment, but *Skelly Oil* would bar jurisdiction if the plaintiff had sought a federal declaratory judgment.

*Franchise Tax Bd.*, 463 U.S. at 18-19.  *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950), stood for the proposition that plaintiffs suing in federal court could not use the Federal Declaratory Act to manufacture federal jurisdiction over state contract claims by alleging anticipated federal defenses.  In *Franchise Tax Board*, the Supreme Court extended that rationale to __*state*__ declaratory claims, recognizing that: "while *Skelly Oil* itself is limited to the federal Declaratory Judgment Act, fidelity to its spirit leads us to extend it to state declaratory judgment actions as well."  463 U.S. at 18.  The quotation that TGaS cited, and Zensights raised, follows this statement.  Thus, the clause that TGaS omitted from its letter brief merely explained that while *Franchise Tax Board* is the seminal case that applies to __*state*__ declaratory claims, *Skelly Oil* remains the precedent that limits __*federal*__ declaratory claims.

manufacture[r]s in question do not infringe the patents, [and] that the patents are invalid." 448 F.2d at 1330. The Third Circuit in *Thiokol* went on to hold that no federal question jurisdiction existed because the federal issue arose only as part of an issue of contract law; that is the exact situation here, as Zensights' claims are premised on alleged breaches of non-disclosure agreements.

In *Tombs*, the plaintiff brought a declaratory action in federal court requesting that the court declare that federal copyright law preempted New Jersey's Open Public Records Act. *Tombs*, 215 Fed. App'x at 81. The Third Circuit found that it lacked subject matter jurisdiction because federal copyright infringement arose only as a defense despite the plaintiff expressly requesting interpretation of federal copyright law in its complaint. *Id.* at 81-82. Similarly, TGaS requests declaratory relief based on Zensights' allegations, which were based on alleged breaches of various non-disclosure agreements. Just like in *Tombs*, TGaS has brought a declaratory judgment suit that arises under state law.

Moreover, in *Franchise Tax Board*, the Court explained that if federal question jurisdiction arose from the mere anticipation of a federal defense, "litigants could get into federal court for a declaratory judgment . . . simply by pleading an adequate state claim for a declaration of federal law." 463 U.S. at 18. In other words, if this Court could extend jurisdiction over this case, every party to a non-disclosure or confidentiality agreement could access the federal court system by simply requesting that courts declare non-infringement of a copyright despite its tangential or nonexistent relevance to the merits of the case. The Supreme Court in *Franchise Tax Board* explained that such an interpretation of federal question jurisdiction would render limitations on federal jurisdiction meaningless. *See id.* at 18-19.

Likewise, the only reason TGaS mentioned copyright infringement in its state declaratory judgment action was because Zensights falsely alleged that it possessed a viable copyright claim in its February 12, 2016 cease-and-desist letter.  As noted above, Zensights had not even applied for copyright registration at that time and would not do so until months later, on April 29, 2016. To exercise subject matter jurisdiction based on TGaS's response to the frivolous and false copyright allegations contained in Zensights' cease and desist letter would be to reward such conduct, and it would also incentivize future litigants to manipulate federal jurisdiction.

### III.   Zensights has Failed to Establish Diversity Jurisdiction By a Preponderance of the Evidence

Zensights has also failed to established diversity jurisdiction under 28 U.S.C. § 1332.  For purposes of diversity jurisdiction, the "citizenship of partners and other unincorporated associations [such as limited liability companies] is determined by the citizenship of [their] partners or members."  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  Zensights has failed to properly plead diversity between LLC members in its various Notices of Removal.  Further, in a letter to the Court on April 22, 2016, TGaS submitted an affidavit from Nelson E. Matthews, swearing under penalty of perjury that at least two limited partners of members of TGaS are residents of the State of Arizona.  [ECF #12, 12-1].  Given that Zensights' sole member Mr. Jansen is a resident of Arizona, no diversity jurisdiction exists. While "[t]he party asserting diversity jurisdiction bears the burden of proof . . . by a preponderance of the evidence," here not only has Zensights has failed to establish diversity jurisdiction but TGaS has submitted proof removing any doubts.  *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

Moreover, in the context of establishing diversity with a limited liability company, the Third Circuit has held that "a party [asserting diversity jurisdiction] must conduct a reasonable

inquiry into the facts alleged in its pleadings." *Lincoln Benefit Life Co.*, 800 F.3d at 107.  A reasonable inquiry requires the party seeking jurisdiction to "consult sources at its disposal, including court filings and other public records." *Id.* Only after having conducted this due diligence can a party "allege complete diversity in good faith." *Id.* Zensights has alleged nothing in support of diversity jurisdiction other than the simple conclusory statement that "[u]pon information and belief" this Court has diversity jurisdiction. [ECF #24 ¶ 8]. Zensights has provided no indication of any attempt to inquire into complete diversity.

## IV.   The Court Should Award Attorneys' Fees upon Remand.

28 U.S.C. 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* The "objectively reasonable" standard "does not require a showing that the defendant's position was 'frivolous' or 'without foundation.'" *Wilson v Travelers Ins. Co.*, No. 14-920, 2015 WL 1422569, at *17 (E.D. Pa. Mar. 30, 2015). Instead, "[a]s a general rule, if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award" attorneys' fees. *Id.*

Here, all three of Zensights' Notices of Removal were unreasonable. Zensights' initial removal on the basis of diversity jurisdiction was unreasonable because Zensights failed to conduct the required pre-filing investigation and failed to properly plead complete diversity among the parties' members, focusing only on the irrelevant states of incorporation. Moreover, even after TGaS submitted evidence to the Court establishing the lack of complete diversity,

Zensights has insisted on asserting diversity jurisdiction.  Zensights' first Amended Notice of Removal was also objectively unreasonable because it alleged copyright counterclaims that did not exist.  Zensights subsequently conceded that its copyright counterclaims had not yet been alleged and that a subsequent amendment would follow.  Finally, the Second Amended Notice of Removal and corresponding counterclaims were also objectively unreasonable because they failed to satisfy the "registration" requirement under the Copyright Act, as set forth above. Zensights filed a copyright application the same day it filed its Second Amended Removal, and no objective basis existed to support that this Court would find a pending application sufficient to support a valid copyright claim.

## CONCLUSION

For the foregoing reasons, we respectfully submit that this Court lacks subject matter jurisdiction over this action and should therefore remand this case to state court.

Respectfully submitted,

By:   /s Michael LiPuma     5-4-2016
          Michael D. LiPuma
          **Law Office of Michael LiPuma**
          325 Chestnut, Suite 1109
          Philadelphia, PA  19106
          Telephone: (215) 922-2126
          Facsimile: (215) 922-2128
          E-mail:  mlipuma@lipumalaw.com

          Matthew Oliver, Esq. (admitted *pro hac vice*)
          **Lowenstein Sandler LLP**
          65 Livingston Avenue
          Roseland, New Jersey 07068
          973.597.2500
          E-mail:  moliver@lowenstein.com

          **Counsel for Plaintiff/Counterclaim Defendant TGaS Advisors, LLC and Third Party Defendants Gary Warner & Alice von Loesecke**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of May, 2016, the foregoing

document, together with all supporting papers, was served via ECF upon the following:

> Anthony L. Gallia, Esq.
> Luke P. McLoughlin, Esq.
> **Duane Morris LLP**
> 30 South 17th Street
> Philadelphia, Pennsylvania 19103
> *Attorneys for Zensights LLC*

/s Michael LiPuma                    
**Michael LiPuma, Esq.**
