IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TGAS ADVISORS, LLC,<br>        Plaintiff/Counterclaim Defendant,<br><br>        v.<br><br>ZENSIGHTS, LLC,<br>        Defendant/Counterclaim Plaintiff,<br><br>        v.<br><br>GARY WARNER and ALICE VON<br>LOESECKE,<br>        Third Party Defendants. | CIVIL ACTION<br><br>NO. 16-1870 |

MEMORANDUM

**Baylson, J.**                                                              **May 5, 2016**

Presently before the Court is Plaintiffs' Motion to Remand Pursuant to the Court's April

26, 2016 Order, which is based on lack of subject-matter jurisdiction. (ECF 26) For the reasons

that follow, the Court DENIES the Motion.

**I.        Procedural History**

This case was initiated on March 31, 2016 when TGaS Advisors, LLC ("TGaS") filed a

Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania naming

Zensights, LLC ("Zensights"), located in Scottsdale, Arizona, as Defendant. The case was

brought as an action for a declaratory judgment concerning TGaS's development of "vendor

assessment technology called *Vendor Ratings and Ranking Benchmark*" as it relates a mutual

non-disclosure agreements between Zensights and TGaS. TGaS asserted that jurisdiction over

Zensights existed in Pennsylvania and that venue was proper in Montgomery County. The sole

relief sought was a declaratory judgment that a controversy existed between the parties and that

Plaintiff "is entitled to a declaration that TGaS's development and sale of the TGaS product does not constitute a breach of the MNDA, fraud misappropriation, nor *copyright infringement*." (ECF 1-2 at 9 (emphasis added)). In addition, TGaS sought entry of a judgment against Zenights, *inter alia*: "[a declaration] that the TGaS product does not infringe upon Zensights' *copyright* in its products." (ECF 1-2 at 9 (emphasis added)).

Zensights removed the case to this Court, asserting federal jurisdiction based on diversity of citizenship and adding the two third-party defendants. In a flurry of pleadings and communications with the Court, it developed that the citizenship of TGaS, a Limited Liability Corporation, must be determined by looking at the citizenship of each of the members of the LLC. *See Americold Realty Trust v. Conagra Foods, Inc.*, __ U.S. __, 136 S. Ct. 1012, 1014 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). TGaS reported to the Court that several of the members of its LLC were located in Arizona, making both Zensights and TGaS Arizona citizens. Therefore, diversity of citizenship did not exist.

However, prior to that revelation, this Court had reviewed the removal and noted that Zensights had asserted a counterclaim, in which it sought a temporary restraining order ("TRO") and a preliminary injunction. The Court issued a TRO following the hearing on April 21, 2016, which was attended by counsel for all parties. (ECF 10)

In the order granting the TRO, the Court scheduled a hearing on the preliminary injunction, subject to the resolution of the subject-matter jurisdiction conflict. Zensights then filed an Amended Notice of Removal on April 25, 2016 setting forth 28 U.S.C. §§ 1331, 1338, 1367 and 1454 as additional grounds for subject-matter jurisdiction. (ECF 15) Through letters to the Court, the parties debated the new grounds for subject-matter jurisdiction. (ECF 14, 18)

TGaS and the Third-Party Defendants also filed a Motion to Remand to State Court on Short Order on April 26. (ECF 19)

Also on April 26, before receiving the Motion to Remand, the Court entered another order, ordering the parties to (1) to cease correspondence to the Court on any matter other than scheduling, (2) file any pleading that may affect subject-matter jurisdiction by April 29 and any challenges to such pleadings by May 2, and (3) file briefs on subject-matter jurisdiction by May 4. (ECF 20)

Pursuant to this Order, on April 29, 2016, Zensights then filed a Second Amended Notice of Removal. (ECF 23) Zensights' Amended and Second Amended Notices of Removal asserted counterclaims based on federal copyright law. TGaS and the Third-Party Defendants filed a second Motion to Remand on May 2, 2016. (ECF 26) And both sides filed briefs regarding subject-matter jurisdiction on May 4. (ECF 32, 33)

In their briefing and notices of removal, Zensights has asserted a number of theories regarding the Court's jurisdiction over the suit, including that the Complaint itself provides jurisdiction and that Zensights' copyright counterclaim provides jurisdiction. In resolving the subject-matter jurisdiction issue in this case, this Court need not be concerned with the various arguments of the parties concerning the counterclaim. Because Plaintiff sought a declaratory judgment in anticipation of a threatened claim of copyright infringement, the removal was proper on the basis of the Complaint. The Amended Notice of Removal, specifically claiming copyright infringement as a basis for federal question subject- matter jurisdiction, was proper.

## II.     Federal Question Jurisdiction Based on the Complaint

Generally, a plaintiff invokes federal question jurisdiction by asserting a cause of action that is created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545

U.S. 308, 312 (2005). But this is not the only means by which a plaintiff can bring a suit that

"arises under federal law," thereby coming within this Court's subject-matter jurisdiction

through 28 U.S.C. § 1331. *Id.* "Even when a right of action is created by state law, if the claim

requires resolution of significant issues of federal law, the case may arise under federal law for

28 U.S.C. § 1331 purposes." *Mims v. Arrow Fin. Servs., LLC*, __ U.S. __, 132 S. Ct. 740, 749

n.9 (2012). This variety of federal question jurisdiction was discussed at length by the Supreme

Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S.

308, 312 (2005).

In *Grable & Sons*, the Court explained that federal question jurisdiction over state- law

claims is confined "to those [claims] that 'really and substantially involv[e] a dispute or

controversy respecting the validity, construction or effect of [federal] law.'" 545 U.S. at 313

(quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)). Even then, "a request to exercise

federal-question jurisdiction over a state action calls for a 'common-sense accommodation of

judgment to [the] kaleidoscopic situations' that present a federal issue, in 'a selective process

which picks the substantial causes out of the web and lays the other ones aside.'" 545 U.S. at 313

(quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 117-18 (1936)).  "[W]hen federal

law creates a private right of action and furnishes the substantive rules of decision, the claim

arises under federal law, and district courts possess federal-question jurisdiction under § 1331."

*Mims*, 132 S. Ct. at 748-49.

But the mere fact that the resolution of a state-law claim requires a court to consider

federal law is not sufficient to confer federal question jurisdiction over a state law claim. *Id.* at

314. "[T]he federal issue will ultimately qualify for a federal forum only if federal jurisdiction is

consistent with congressional judgment about the sound division of labor between state and

federal courts governing the application of § 1331." *Id.* at 313-14. The critical question is: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" *Id.* at 314.

This inquiry is further informed by the rule that "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 248 (1952).

After reviewing the many briefs, letters, and pleadings submitted by the parties, the Court determines that TGaS's claim for declaratory relief regarding copyright infringement "arises under" federal law under both 28 U.S.C. §§ 1331 and 1338(a).

Investigating the character of the threatened claims based on the facts of the Complaint, it is clear that the threatened claims included a copyright claim. In fact, TGaS alleges that Zensights sent a "cease-and-desist letter to TGaS alleging that TGaS . . . infringed on Zensights' alleged copyrights." (ECF 1-2 ¶ 23) Thus, it is clear that TGaS's declaratory relief was in response to a threatened action that would arise under federal copyright law.

Additionally, the copyright-related claim satisfies the standard discussed by the Supreme Court in *Grable & Sons.*[1] TGaS's state-law claim necessarily raises a federal issue. The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are

---

[1]     Given this Court's conclusion under *Wycoff* that the threatened claim was of a federal nature, it is unlikely that the additional analysis is necessary. Nevertheless, out of an abundance of caution and given the heated disputes regarding subject-matter jurisdiction in this case, the Court engages in this review as well.

governed *exclusively* by this title." 17 U.S.C. § 301 (emphasis added). Section 106 provides a

copyright owner with the exclusive rights to "prepare derivative works based on copyrighted

work." 17 U.S.C. § 106. Based on the facts alleged in the Complaint, it would appear that the

relief TGaS is seeking is a declaration that either Zensights has no copyright at all to its product

or that TGaS's product is not derivative of the product over which Zensights has a copyright.

This determination will necessarily require the Court to look at federal law.

The federal issue embedded in TGaS's state-law claim, whether TGaS infringed on

Zensights' copyright, is actually disputed and substantial. In their briefing on subject-matter

jurisdiction, TGaS and the Third-Party Defendants attempt to downplay the significance of the

mention of "copyright" in the Complaint and they characterize the copyright counter-claim as

insubstantial, arguing that the law does not support the claim. Although the Court declines to

pass judgment on the potential merit of the copyright claim, there is no doubt that in determining

such merit the federal issues will be substantial. And given Plaintiffs' vociferous objections to

the validity of the copyright claims in their recent briefing, it is also clear that the issue of the

copyright claim is actually disputed.

The Court's exercise of jurisdiction in this case is entirely consistent with the

congressionally approved balance of federal and state judicial responsibilities. This is seen most

clearly by Congress's recent efforts to ensure parties a federal forum for claims involving

copyright. In 2011 Congress emphasized that federal courts should be the forum for claims

involving copyright by enacting the Leahy-Smith America Invents Act, 28 U.S.C. § 1454, which

provides for removal of a civil action "in which any party asserts a claim for relief arising under

any Act of Congress relating to . . . copyrights." This Act created an exception to the general rule

that counter-claims based in federal law cannot serve as the basis for jurisdiction. *See Holmes*

*Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which

appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve

as the basis for 'arising under' jurisdiction.").[2]

TGaS and the Third-Party Defendants rely chiefly on two cases to argue that the

copyright-related state-law claim in the Complaint should not confer federal subject-matter

jurisdiction. *Thiokol Chem. Corp. v. Burlington Indus., Inc.* 448 F.2d 1328, 1330-31 (3d Cir.

1971); *Bd. of Chosen Freeholders of Cty. of Burlington v. Tombs*, 215 Fed. App'x 80, 81 (3d Cir.

2006). The Court finds neither persuasive.

*Thiokol Chemical* involved a request for declaratory relief in state court related to patents.

Pursuant to *Wycoff*, the Third Circuit investigated the nature of the threatened claim,

characterizing it as "a suit by defendants charging [plaintiff] as a patent licensee with breach of

contract to pay agreed sums for the licensed use of the certain patents." *Thiokol Chem. Corp.*,

448 F.2d at 1330. The only way in which the validity of the patent would arise in the case would

be if the plaintiff defended against this claim by arguing the invalidity of the patent. *Id.* Thus, the

patent issue in *Thiokol* related to the invalidity of the patent and the validity of the patent was not

character of the threatened action. *Id.* at 1330-31.

TGaS and Third-Party Defendants attempt to characterize the threatened suit against

them in similar terms, arguing that "Zensights' claims are premised on alleged breaches of non-

disclosure agreements." (ECF 33 at 17) But the Court finds the situations readily distinguishable.

Based on the allegations in the Complaint, Zesights never authorized any TGaS or Third-Party

Defendants to use any copyrighted materials. Unlike the threatened action in *Thiokol*, the

---

[2]      It is possible that, as Zensights has argued, the Court has subject-matter jurisdiction as a
result of the counter claims as a result of the Leahy-Smith Act. But, because the Court
determines that it has subject-matter jurisdiction based on the Complaint itself, the Court need
not reach these arguments.

character of Zensights' threatened action would be both copyright and contract as two different means of recovery for the alleged wrongdoing of TGaS (and Third-Party Defendants). Although TGaS and Third-Party Defendants may raise a defense to the invalidity of the copyright, that defense would be to an actual copyright claim rather than to a contract claim, as it was in *Thiokol*.

*Tombs* is similarly unavailing for TGaS and Third-Party Defendants. In *Tombs*, a citizen threatened to sue the Board of Chosen Freeholders to provide him maps at the cost of production, rather than for the posted fee, pursuant to the state Open Records Act. *Bd. of Chosen Freeholders of Cty. of Burlington v. Tombs*, 215 Fed. App'x 80, 81 (3d Cir. 2006). In response, the Board sought a declaratory judgment that the state Open Records Act was preempted by the federal Copy Right Act. The Third Circuit investigated the nature of the threatened action, pursuant to *Wycoff*, and concluded that the threatened action was under the state Open Records Act. But, in this case, Zensights' threatened action was on of copyright infringement, a federal claim. Unlike the defendant in *Tombs*, Zensights was actually threatening to bring a claim under federal law.

Because the Court concludes that the nature of Zensights' threatened action is one of federal law and that TGaS's state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities, the Court finds that it has subject-matter jurisdiction over the entire dispute based on 28 U.S.C. §§ 1331, 1338, and 1367.

**III.     Propriety of the Amended Notices of Removal**

TGaS has asserted that it was improper for Zensights to file an amended notice of removal. (ECF 14) Although TGaS does not reassert this argument in the most recent round of briefing, the Court now clarifies that the Zensights' amended notices are valid.

As the Court detailed in the procedural history, the jurisdictional facts in this case were rapidly developing. Based on the face of the Complaint filed in state court, Zensights had reason to believe that federal diversity jurisdiction existed. Upon TGaS's revelation of the Arizona citizenship of TGaS, Zensights amended the removal notice to include additional grounds for federal jurisdiction. All of Zensights' notices of removal were filed within the thirty (30) day window provided by 28 U.S.C. § 1446(b). Furthermore, the Court invited the second amendment through the Court's April 26, 2016 Order. (ECF 20) Therefore, the Court concludes that both amended notices were properly made.

**IV.     Conclusion**

An appropriate Order follows.

O:\CIVIL 16\16-1870 TGAS Advisors v Zensights\16cv1870 Memorandum on Jurisdiction.docx